# EXHIBIT 1

02/01/2005 14:16  From: ELM Insurance Brokers, ELM Insurance Brokers   To: 1-866-255-  Page 5/23
Jan 31 05 05:15p      DIVERSIFIED RISK              510 547 5648                       p.4

01/28/2005 14:17   5882786757              CSMGOLF INC                     PAGE 03

STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               CIVIL ACTION
                                        Docket No.

STEPHEN M. HAY and NANCY HAY,       )
both of SOUTH BERWICK, County of    )
YORK and State of MAINE,            )
                                    )
              Plaintiffs             )
                                    )
v.                                  )      COMPLAINT
                                    )   (Title to Real Estate Involved)
THE LINKS AT OUTLOOK FARM, a/k/a    )
OUTLOOK GOLF COURSE;                )
TIMOTHY J. FLYNN, II, individually, )
and in his capacity as Registered   )
Agent of OUTLOOK GOLF COURSE;       )
JOHN FLYNN, individually, and in his)
capacity as Director of Operations  )
of OUTLOOK GOLF COURSE;             )
BRIAN M. SILVA, Architect; and the  )
MUNICIPALITY OF SOUTH BERWICK;      )
                                    )
              Defendants            )

   NOW COME the Plaintiffs, by and through their attorneys, Erwin, Ott, Clark, Orso & Campbell,

for cause of action against the Defendants and state to the Court as follows:

                    ALLEGATIONS COMMON TO ALL COUNTS

   1.  Plaintiffs are residents and at all times herein mentioned were, the owners and in

possession and control of certain real property consisting of land and buildings at ▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

   2.  Upon information and belief, Defendant ▓▓▓▓▓▓▓▓▓▓ (hereinafter "Outlook")

is a links style golf course located in the towns of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. It operates as a

commercial entity, open to the public since June 2000.

   3.  Upon information and belief, Outlook is a Limited Liability Company chartered in the

State of Maine on October 2, 1998 and whose registered agent is Timothy J. Flynn II of 26 Grant

Street, South Berwick, Maine.

TOTAL P.02

02/10/05 10:26:36       CWS_011_CH2->        603 647 1800  RightFax         Page 001

02/01/2005 14:17  From: ELM Insurance Brokers, ELM Insurance Brokers  To: 1-866-255-   Page 6/23
Jan 31 05 05:15p         DIVERSIFIED RISK                  510 547 5648           p.5

01/28/2005  14:17    5862786757              CSMGOLF INC                    PAGE 04

4.  Upon information and belief, Defendant John Flynn is Director of Golf Operations for Outlook Farm Golf Club, LLC.

5.  Upon information and belief, Defendant Timothy J. Flynn, II is manager for Outlook Farm Golf Club, LLC.

6.  Upon information and belief, Brian M. Silva, ASGCA with the firm of Cornish, Silva and Mungeam, Inc., 207 North Main Street, Uxbridge, Massachusetts 01569, designed the course at Outlook.

7.  Upon information and belief, Defendant Municipality of South Berwick, at a hearing of the Planning Board on August 31, 1995, approved the golf course subject to the following provisions:

> 1. Applicant will comply with all other relevant local, State and Federal Statutes.
> [2.-6. omitted].

(A copy of the Planning Board's letter of decision is attached as Exhibit A.)

8.  Plaintiffs have owned the property since 1988. The ranch style home sits on a single acre of manicured lawn with ornamental trees and shrubs.

9.  Plaintiffs' property is separated from Defendant Outlook's property by a paved highway called Agamenticus Road. Agamenticus Road is maintained by the Town of South Berwick.

10. Plaintiffs' property is situated parallel to a shot from the 5th tee at Outlook, on the right facing the front of the tee. The 5th hole is a par 4, located a dog-leg to the left of the tee.

11. Golfers hit their balls from the 5th tee directly on to Plaintiffs' property.

12. Since the day that Outlook opened to golfers, more than one thousand four hundred (1,400) golf balls have landed upon Plaintiffs' property, striking Plaintiffs' dwelling, lawn, driveway, vehicles, trees and shrubbery in the front, sides, and back of Plaintiffs' property.

13. On many occasions, golf balls have nearly struck Plaintiffs, members of Plaintiffs' family, visitors and invitees on Plaintiffs' private property.

14. Plaintiffs have witnessed golf balls striking automobiles passing on Agamenticus Road, striking the pavement on Agamenticus Road, and bouncing onto Plaintiffs' property.

02/10/05 10:27:24          CWS_011_CH2->         603 647 1800  RightFax          Page 002

02/01/2005 14:18   From: ELM Insurance Brokers, ELM Insurance Brokers   To: 1-866-255-   Page 7/23
Jan 31 05 05:15p       DIVERSIFIED RISK                     510 547 5648            p.6
01/28/2005  14:17     5082786757              CSMGOLF INC                    PAGE  05

15. The golf balls have caused damage to Plaintiffs' property, including broken windows, damaged mail boxes and dented vehicles.

16. The noise of golf balls hitting the roof of Plaintiffs' home has interrupted Plaintiffs' sleep and privacy.

17. Plaintiffs live in constant fear that an errant golf ball will strike someone and cause serious bodily injury.

18. Plaintiffs cannot protect their pets from the threat of stray golf balls.

19. The constant threat of errant golf balls prevents Plaintiffs from using and enjoying their property during any daylight hours from May to October.

20. Countless golfers and passers-by have trespassed on the Plaintiffs' private property in order to retrieve the errant golf balls. The golfers and passers-by always enter Plaintiffs' property without permission.

21. Golfers frequently swear and curse at Plaintiffs when asked to leave Plaintiffs' property.

22. Defendant Outlook or its agents have been notified of this problem. Plaintiffs first spoke to Defendant John Flynn, on June 3, 2000, and on many occasions after that.

23. Plaintiffs have sent a letter to Defendant Outlook and its agents requesting that the golf course address the problems created by the golf balls. (A copy of the letter is attached as Exhibit B.)

24. Defendant has provided no solution and none of the attempts at a solution have resulted in any reduction in the number of balls landing on Plaintiffs' property.

25. Plaintiffs have repeatedly asked the Town of South Berwick about the constant threat of injury from golf balls landing on and near Plaintiffs' property.

26. Plaintiffs have complained to Defendants about the errant golf balls and have been referred to Defendants' insurance company, Peerless Insurance.

27. After an investigation, Peerless Insurance denied payment of Plaintiffs' claim for damage, because no employee was involved. (A copy of the letter is attached as Exhibit C.)

28. Plaintiff Stephen Hay spoke to Defendant, John Flynn, in July 2000, after 57 balls had

Case 2:05-cv-00037-GC   Document 1-1   Filed 02/25/05   Page 5 of 13   PageID #: 9

02/10/05 10:28:00        CWS_011_CHZ->          603 647 1000  RightFax         Page 003

02/01/2005 14:19   From: ELM Insurance Brokers, ELM Insurance Brokers   To: 1-866-255-   Page 8/23
Jan 31 05 05:16p     DIVERSIFIED RISK                 510 547 5648              p.7
01/28/2005 14:17    5082786757              CSMGOLF INC                       PAGE   06

struck Plaintiffs' property. Defendant Flynn offered to purchase Plaintiffs' home for $50,000.00.

29. Defendant Outlook or their agents have finally represented to Plaintiffs that neither Outlook nor its management is responsible for the golf balls struck by golfers onto other properties.

30. Defendants refuse to make any changes to the position of the tee or the hole that would alleviate the problem.

31. Defendants placed a large net directly in front of Plaintiffs' property and several signs giving advice to golfers. (See Exhibit G, attached herein.)

32. The net and the signs have been totally ineffective in preventing the balls from landing on Plaintiffs' property.

33. The Plaintiffs have repeatedly contacted Defendant Outlook, and its agents, and the municipal officers of South Berwick.

34. Plaintiffs were informed by the Town of South Berwick that the matter was not of concern to the municipality because the balls were landing on private property.

35. Defendant Outlook or their agents have denied that they owe a duty to Plaintiffs and refuse to address Plaintiffs' concerns.

36. This Court has jurisdiction over this matter pursuant to 4 M.R.S.A. § 152.

### COUNT I - Private Nuisance

37. Plaintiffs repeat, allege and incorporate herein by reference ¶¶ 1 through 36 of this Complaint.

38. Defendant Outlook has an absolute duty not to cause injury to the property of another.

39. Defendant Outlook has consented to continuing the nuisance by the maintenance of the golf course, especially the configuration of the 5th tee.

40. Defendants have failed to exercise reasonable care to prevent the nuisance.

41. Defendants have refused to take any substantive measure to prevent the continuing nuisance of the errant golf balls.

42. Defendant Outlook's occupation, use, and maintenance of the course constitute a

02/10/05 10:28:31         CWS_011_CH2->         603 647 1000  RightFax         Page 004

02/01/2005 14:20  From: ELM Insurance Brokers, ELM Insurance Brokers   To: 1-866-255-   Page 9/23
Jan 31 05 05:16p        DIVERSIFIED RISK              510 547 5648              p.8
01/28/2005  14:17   5082786757          CSMGOLF INC                     PAGE  07

private nuisance because the use of Defendants' property causes injury to Plaintiffs and to Plaintiffs' property.

43. Plaintiffs' have been injured in the enjoyment of their estate by the continued pelting of errant golf balls upon their property and the frequent trespass of golfers retrieving the stray balls.

44. Plaintiffs are required to retrieve the golf balls from their property on a daily basis.

45. On or about June 3, 2000, Plaintiffs gave notice to Defendants of the damage caused by the nuisance, and requested its abatement, but Defendants have refused, and continue to refuse, to abate the nuisance.

46. Defendant Outlook or its agents have threatened to and will—unless restrained by this court—continue to maintain the nuisance and continue the acts complained of, and each and every act has been, and will be, without the consent, against the will, and in violation of the rights of the Plaintiffs.

47. As a proximate result of the nuisance created by Defendants, Plaintiffs have been, and will be, damaged in the sum of $200.00 which is necessary to repair broken windows in the residence; $2,400.00 to repair damaged vehicles, including dents and painting; $9,800.00 to remove each golf ball from the property ($7.00 per ball multiplied by 1400 balls).

48. Plaintiffs have been denied the quiet enjoyment of their property by Defendants due to the constant and continuing threat of golf balls.

49. As a further proximate result of the nuisance, the value of Plaintiffs' real estate has been diminished by its entire value of $300,000.00. Unless the nuisance is abated, Plaintiffs' other property, including vehicles, will be progressively further diminished in value.

50. As a further proximate result of the nuisance created by Defendants, and each of them, Plaintiffs has been hurt and injured in their health, strength, and activity, sustaining injury to their nervous systems and persons, all of which injuries have caused, and continue to cause, Plaintiffs great mental, physical and emotional pain and suffering.

51. As a result of such injuries, Plaintiffs have suffered general damages in the amount of $500,000.00.

02/10/05 10:29:03   CWS_011_CH2->   603 647 1000 RightFax   Page 005

02/01/2005 14:21  From: ELM Insurance Brokers, ELM Insurance Brokers  To: 1-866-255-  Page 10/23
Jan 31 05 05:17p   DIVERSIFIED RISK   510 547 5648   p.9
01/28/2005 14:17  5682786757   CSMGOLF INC   PAGE 08

52. Unless Defendants are restrained by order of this honorable Court, it will be necessary for Plaintiffs to commence many successive actions against Defendants to secure compensation for damages sustained, thus requiring a multiplicity of suits, and Plaintiffs will be daily threatened with constant and continuing errant golf balls.

53. Unless Defendants and their agents are enjoined from continuing this course of conduct, Plaintiffs will suffer irreparable injury that denies them the quiet enjoyment of their home and property.

54. In maintaining the nuisance, Defendants are acting with full knowledge of the consequences and damage being caused to Plaintiffs and their conduct is willful, oppressive and malicious; accordingly, Plaintiffs are entitled to punitive damages against Defendants.

55. Plaintiffs have no plain, speedy, or adequate remedy at law, and injunctive relief is expressly authorized by Rule 65 of the Maine Rules of Civil Procedure.

56. Plaintiffs' claims are within the jurisdictional limits of this honorable Court.

### COUNT II – Trespass (Defendant Outlook)

57. The Plaintiff reasserts and incorporates ¶¶ 1 through 56 in Count II of this Complaint.

58. Under 14 M.R.S.A. 7551-B a person who intentionally enters the land of another without permission and causes damage to property is liable to the owner in a civil action if the person:

   A. ...[D]oes damage to any structure on property not that person's own.

59. Defendant Outlook is liable for the actions of its business invitees.

60. The balls struck by golfers onto the Plaintiffs' property constitute a trespass.

61. The acts of intrusion by the golfers retrieving their balls constitute acts of trespass.

62. On or about June 3, 2000, Plaintiffs gave notice to Defendants or their agents, of the damage caused by the trespass, and requested its abatement, but Defendants have refused, and continue to refuse, to abate the trespass.

63. Defendant Outlook has promised to—and will, unless restrained by this court—continue to maintain the trespass and continue to allow the acts complained of, and each and every act has been, and will be, without the consent, against the will, and in violation of the rights of Plaintiffs.

Case 2:05-cv-00037-GC   Document 1-1   Filed 02/25/05   Page 8 of 13   PageID #: 12

02/10/05 10:29:36          CWS_011_CH2->           603 647 1800  RightFax           Page 006

02/01/2005 14:22   From: ELM Insurance Brokers, ELM Insurance Brokers   To: 1-866-255-   Page 11/23
Jan 31 05 05:18p       DIVERSIFIED RISK                510 547 5648              p.10
01/28/2005 14:17   5082786757                CSMGOLF INC                    PAGE  09

64. As a proximate result of the trespass created by the Defendant, Plaintiff has been, and will be, damaged in the sum of $350,000.00 which is necessary to relocate to another home, away from the ongoing threat of errant golf balls.

### COUNT III – Trespass (Defendant Municipality of South Berwick)

65. The Plaintiff reasserts and incorporates ¶¶ 1 through 64 in Count III of this Complaint.

66. The Town of South Berwick is liable for the continuing trespass upon the property of the Plaintiffs because the municipality issued permits and gave approval to the entity from the beginning.

67. The municipality has allowed the golf course to continue the operation of the course without consequence to the violation of 14 M.R.S.A. 7551-B.

68. In June 2000, Plaintiffs gave notice to Defendant Town of South Berwick of the damage caused by the trespass, and requested its abatement, but Defendant Town of South Berwick has refused, and continues to refuse, to abate the trespass.

69. Defendant Town of South Berwick has promised to—and will, unless restrained by this court—continue to maintain the trespass by allowing the acts complained of, and each and every act has been, and will be, without the consent, against the will, and in violation of the rights of Plaintiffs.

70. As a proximate result of the trespass created by the Defendant, Plaintiff has been, and will be, damaged in the sum of $ 350,000.00 which is necessary to repair damages to Plaintiffs' property, purchase another home for Plaintiffs, including moving costs.

71. Unless Defendant Outlook is restrained by order of this court, it will be necessary for Plaintiff to commence many successive actions against Defendant to secure compensation for damages sustained, thus requiring a multiplicity of suits, and Plaintiffs will be daily threatened with errant golf balls pelting their property, threatening bodily injury, and destroying Plaintiffs' quiet enjoyment.

72. Unless Defendant is enjoined from continuing its course of conduct, Plaintiff will suffer irreparable injury in that includes the loss of all value of his property, bodily injury, and damage to personal property.

Case 2:05-cv-00037-GC   Document 1-1   Filed 02/25/05   Page 9 of 13   PageID #: 13

02/10/05 10:30:09        CWS_011_CHZ->         603 647 1800  RightFax           Page 007

02/01/2005 14:23   From: ELM Insurance Brokers, ELM Insurance Brokers   To: 1-866-255-   Page 12/23
Jan 31 05 05:10p       DIVERSIFIED RISK              510 547 5648              p.11
01/28/2005  14:17    5082796757              CSMGOLF INC                      PAGE 10

73. In maintaining the trespass, Defendant is acting with full knowledge of the consequences and damage being caused to Plaintiff and Defendants' conduct is willful, oppressive and malicious; accordingly, Plaintiff is entitled to punitive damages against Defendant.

74. Plaintiff has no plain, speedy, or adequate remedy at law, and injunctive relief is expressly authorized by Rule 65 of the Maine Rules of Civil Procedure.

75. Plaintiffs' claim is within the jurisdictional limits of this court.

### COUNT IV - Invasion of Privacy

76. Plaintiffs repeat, allege and incorporate herein by reference ¶¶ 1 through 75 of this Complaint.

77. The aforementioned occupation, use, and maintenance of the property of the defendant constitutes an invasion of privacy as defined by section 652B of the Restatement of Torts Second as "one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."

78. Defendants have wrongfully invaded Plaintiffs' right to privacy by intruding on Plaintiffs' seclusion and solitude by pelting Plaintiffs and their property with errant golf balls.

79. The intrusion of errant golf balls and golfers is an intrusion that is highly offensive to Plaintiffs. After five seasons, 1400 golf balls and an army of aggressive golfers, not a single person has offered to pay for the damage to the property or apologized for the intrusion into Plaintiffs' quiet enjoyment.

80. Defendants have engaged in a course of conduct that has increased the injuries to the Plaintiffs, including the promotion of Outlook through the mass media, in television, radio and print advertising.

81. Plaintiffs further claim that Defendants' action was a legal cause of Plaintiffs' injuries.

### COUNT V - Negligence

Case 2:05-cv-00037-GC Document 1-1 Filed 02/25/05 Page 10 of 13 PageID #: 14

02/10/05 10:30:39     CWS_011_CH2->        603 647 1800  RightFax        Page 008

02/01/2005 14:24  From: ELM Insurance Brokers, ELM Insurance Brokers   To: 1-866-255-   Page 13/23
Jan 31 05 05:19p     DIVERSIFIED RISK              510 547 5648            p.12
01/28/2005 14:17   5082786757          CSMGOLF INC                PAGE  11

82. The Plaintiffs reassert and incorporate ¶¶ 1 through 81 in Count V of this Complaint.

83. The Defendant Outlook owes a duty to Plaintiffs and others, to conduct its business in ways that do not cause injury to others.

84. Defendant Outlook conducts its business in a way that causes injury to Plaintiffs.

85. Defendant South Berwick has negligently allowed the continuing trespass.

86. Plaintiffs are foreseeable.

### COUNT VI - Negligent Design

87. The Plaintiffs reassert and incorporate ¶¶ 1 through 86 in Count VI of this Complaint.

88. Defendant Brian M. Silva, ASGCA with the firm of Cornish, Silva and Mungeam, Inc., 207 North Main Street, Uxbridge, Massachusetts 01569, was negligent in designing the course at Outlook.

89. Defendant Brian Silva failed to consider the close proximity of Plaintiffs' property when the course was designed.

90. Defendant Brian Silva owed a duty to Plaintiffs to consider the properties located near the golf course at the time the golf course was designed.

91. Defendant Brian Silva owed a duty to Plaintiffs to consider that a majority of golfers are right handed, that when a ball is hit, it slices to the right more often that it hooks to the left.

92. Defendant Brian Silva was negligent in designing the 5th hole so that the homes on the adjacent properties would be pelted with errant golf balls.

93. Defendant Brian Silva was negligent in designing the 5th hole so that traffic on Agamenticus Road would be struck with errant golf balls.

94. Plaintiffs are foreseeable as they owned and occupied the property at the time the golf course was designed.

### COUNT VI - Violation of Civil Rights (Federal)

95. The Plaintiff reasserts and incorporates ¶¶ 1 through 94 in Count VI of this Complaint.

96. The Fifth Amendment to the United State Constitution provides, in pertinent part, that

02/10/05 10:31:10      CWS_011_CH2->      603 647 1000  RightFax      Page 009

02/01/2005 14:25  From: ELM Insurance Brokers, ELM Insurance Brokers  To: 1-866-255-  Page 14/23
Jan 31 05 05:19p   DIVERSIFIED RISK              510 547 5648           p.13
01/28/2005 14:17  5682786757              CSMGOLF INC          PAGE  12

"No persons shall [...] be deprived of life, liberty, or property, without due process of law;[...].

97. The intrusion of golf balls and persons onto Plaintiffs' property deprives Plaintiffs of the use and enjoyment of their property without due process of law.

98. Defendant, Town of South Berwick, gave municipal approval of the golf course subject to the condition that Applicant Defendant Outlook complies with all relevant local, State, and Federal statutes.

99. Defendant, Town of South Berwick, has failed to require Defendant Outlook to comply with all relevant [...] Federal statutes, namely that no person shall be deprived of life, liberty or property without due process of law.

### COUNT VII - Violation of Civil Rights (State)

100. The Plaintiffs reassert and incorporate ¶¶ 1 through 99 in Count VII of this Complaint.

101. Article I § 1 of the Constitution of the State of Maine provides, in pertinent part, that "All [...] have certain inalienable rights [...] among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property[...]."

102. Defendant, Town of South Berwick, has violated Plaintiffs' inalienable right to acquiring, possessing and protecting their property by failing to require Defendant Outlook to comply with all relevant [...] State [...] statutes.

### COUNT VIII - Violation of Civil Rights (Municipality of South Berwick)

103. The Plaintiffs reassert and incorporate ¶¶ 1 through 102 in Count VIII of this Complaint.

104. The municipal officers of the Town of South Berwick are sworn to uphold the Constitution of the United States and the Constitution of the State of Maine.

105. By refusing to require Defendant Outlook to abate the continuing trespass of golf balls and golfers, Defendant South Berwick has violated the rights of Plaintiffs as guaranteed under the United States and Maine Constitutions.

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

a) For a preliminary and a permanent injunction enjoining Defendants from allowing golfers

Case 2:05-cv-00037-GC   Document 1-1   Filed 02/25/05   Page 12 of 13   PageID #: 16

02/18/05 10:31:52          CWS_011_CH2->          603 647 1800  RightFax          Page 010

02/01/2005 14:26  From: ELM Insurance Brokers, ELM Insurance Brokers   To: 1-866-255-   Page 15/23
Jan 31 05 05:20p        DIVERSIFIED RISK              510 547 5648              p.14
01/28/2005  14:17    5082786757            CSMGOLF INC                    PAGE  13

to hit balls from the tee as it is currently situated.

b)  For general damages, the value of the home and property and the cost associated with relocating to another, $350,000.00.

c)  For in the sum of $ 200.00 which is necessary to repair broken windows in the residence; $ 2,400.00 to repair damaged vehicles, including dents and painting; $9,800.00 to remove each golf ball from the property ($7.00 per ball times 1,400 balls).

d)  As a further proximate result of the nuisance, the value of Plaintiffs' real estate has been so diminished that it is now unmarketable at its appraised value. Unless the nuisance is abated, Plaintiffs' property will be progressively further diminished in value.

e)  As a further proximate result of the nuisance created by Defendants, and each of them, Plaintiffs has been hurt and injured in their health, strength, and activity, sustaining injury to their nervous systems and persons, all of which injuries have caused, and continue to cause, Plaintiffs great mental, physical and emotional pain and suffering. As a result of such injuries, Plaintiffs have suffered general damages in the amount of $500,000.00.

f)  For punitive damages of $500,000.00 because Defendants actions have been with full knowledge of the consequences and damages being caused to Plaintiffs. Their conduct is willful, oppressive and malicious; accordingly, Plaintiffs are entitled to punitive damages.

g)  For costs of suit herein incurred, including reasonable attorneys' fees.

h)  For such other future damages and injuries and further relief as the court may deem proper.

Case 2:05-cv-00037-GC   Document 1-1   Filed 02/25/05   Page 13 of 13   PageID #: 17

02/18/05 10:32:23         CWS_011_CH2->        603 647 1000  RightFax         Page 011

02/01/2005 14:27   From: ELM Insurance Brokers, ELM Insurance Brokers   To: 1-866-255-   Page 16/23
Jan 31 05 05:20p       DIVERSIFIED RISK              510 547 5648              p.15

01/28/2005  14:17    5082786757            CSMGOLF INC                PAGE 14

Dated at York, Maine this 18th day of January, 2005.

ERWIN, OTT, CLARK, ORSO & CAMPBELL

By: *[signature]*
Wendy Moulton Starkey Bar # 9559
16A Woodbridge Road
P.O. Box 545
York, ME 03909
Telephone: (207) 363-5208