# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN M. HAY, SR. and NANCY J. HAY,<br><br>              Plaintiffs<br><br>v.<br><br>LINKS AT OUTLOOK FARM a/k/a OUTLOOK GOLF COURSE, TIMOTHY J. FLYNN II, in his capacity as Registered Agent of OUTLOOK GOLF COURSE, JOHN FLYNN, in his capacity as Director of Operations of OUTLOOK GOLF COURSE, BRIAN M. SILVA, and MUNICIPALITY OF SOUTH BERWICK,<br><br>              Defendants | Civil No. 05-37-P-C |

Gene Carter, Senior District Judge

## ORDER REMANDING CASE TO STATE COURT

In open court, Plaintiffs Steven M. Hay and Nancy J. Hay moved to Dismiss Count VII of their Amended Complaint.[1]  *See* Docket Item No. 40.  Defendants stated no objection to Plaintiffs' Motion.  Accordingly, the Court granted Plaintiffs' Motion for the reasons stated on the record.  *See* Docket Item No. 41.

Without any remaining federal claims, the Court must next determine whether to exercise supplemental jurisdiction over Plaintiffs' state law claims.  *See* 28 U.S.C. § 1367(c)(3) (expressly authorizing a district court to decline the exercise of supplemental jurisdiction when it

---

[1] The Court treats Plaintiffs' Amended Complaint as verified with respect to those statements that are contained in the Affidavit of Stephen M. Hay (attached to Docket Item No. 24).

"has dismissed all claims over which it has original jurisdiction"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("[a]s a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims"); *Snowden v. Millinocket Reg'l Hosp.*, 727 F. Supp. 701, 710 (D. Me. 1990) (the *Gibbs* doctrine "require[s] dismissal without action on the merits and without any exercise of discretion if all the federal claims in this suit are found to be, short of trial, deficient.").

In accordance with the discretion afforded to the Court under 28 U.S.C. § 1367(c)(3), the Court is of the view that the most appropriate course of action is to decline to exercise supplemental jurisdiction and to grant Plaintiffs the opportunity to pursue this suit in the forum best suited to resolve the remaining issues: the state courts of Maine. *See Carey v. MSAD # 17*, 754 F. Supp. 906, 927 (D. Me. 1990).

It is hereby **ORDERED** that the remaining Counts in Plaintiffs' Amended Complaint (Counts I-VI and VIII) be, and they are hereby, **REMANDED** without objection by any party to the Superior Court of the State of Maine in and for the County of York. The Clerk is **ORDERED** to remand the case forthwith.

/s/Gene Carter_____

**GENE CARTER**
United States Senior District Judge

Dated at Portland, Maine this 24th day of May, 2005.